IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEE YUN KIM,                        )
                                    )
        Plaintiff,                  )
                                    )        NO. 3:23-cv-01220
v.                                  )        JUDGE RICHARDSON
                                    )
ACCIDENT INSURANCE COMPANY,         )
INC., et al.,                       )
                                    )
        Defendants.                 )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Plaintiff's motion requesting the Court to remand this case back to the state court from which it came, (Doc. No. 31, "Motion to Remand"), having been removed here by Defendant StarStone Specialty Insurance Company ("StarStone"). Also pending is the "Motion for Leave to File Amended Notice of Removal *Instanter*" (Doc. No. 22, "Motion to Amend Notice of Removal") filed by StarStone. Also pending before the Court is the "Joint Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. No. 37, "Insurer Defendants' Motion to Dismiss") filed by Defendants Accident Insurance Company ("AIC") and StarStone (collectively, "Insurer Defendants"). Finally, pending also are separate motions to dismiss (Doc. Nos. 50 and 52, "TPA Defendants' Motions to Dismiss") filed respectively by Sedgwick Claims Management Services, Inc. ("Sedgwick") and U.S. Administrator Claims, LLC ("USAC") (collectively, "TPA Defendants"), seeking dismissal from the case.

## BACKGROUND

Because the questions before the Court are largely procedural, the Court does not need to perform an extensive review of the facts and need summarize only briefly the facts and procedural history necessary to resolve the issues at hand.

On October 17, 2023, Plaintiff commenced this action against Defendants by filing a complaint in the Circuit Court of Davidson County. (Doc. No. 1-1, "Complaint"). The Complaint arose from a consent judgment entered in underlying litigation involving Plaintiff's claims against Sanchez Construction for injuries that occurred in an accident on October 2, 2016. (*Id.* at 5). Plaintiff's Complaint sought a declaratory judgment with various provisions that, in cumulative effect, would require that Defendants indemnify Leticia Garcia d/b/a Sanchez Construction for the judgment under Sanchez Construction's commercial general liability policy that was issued by AIC and Sanchez Construction's excess liability insurance policy that was issued by StarStone. (Doc. No. 1 at 2).

The Complaint was served on StarStone on October 19, 2023. (Doc. No. 1 at 5). On November 17, StarStone filed a notice of removal pursuant to 28 U.S.C. § 1441, removing the state action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at 1, "Notice of Removal"). StarStone attached to the Notice of Removal a copy of Plaintiff's Complaint. (*Id.* at 2).

On November 20, 2023, StarStone filed its answer, affirmative defenses, and counterclaim for declaratory relief to Plaintiff's Complaint. (Doc. No. 7, "Answer"). On December 5, 2023, Plaintiff filed an amended complaint under Rule 15(a)(1)(b) that included allegations that the Defendant's Notice of Removal was technically defective. (Doc. No. 21, "Amended Complaint"). Plaintiff claimed that the Notice of Removal was missing certain documents, including Exhibits C

and E[1] to the Complaint and copies of service of process of the Complaint on Defendants. (*Id.* at 5). The Amended Complaint also added the TPA Defendants as defendants, claiming that the TPA Defendants were acting as alter-egos for the Insurer Defendants and are thus jointly and severally liable for the underlying coverage decisions. (Doc. No. 21 at 1).

On December 6, 2023, StarStone filed its Motion to Amend Notice of Removal. Ten days later, Plaintiff Jee Yun Kim ("Plaintiff") filed his Motion to Remand. Later, the Insurer Defendants' Motion to Dismiss was filed, submitting that the Amended Complaint added the TPA Defendants in a defective manner and in an improper attempt to destroy diversity. Plaintiff sought leave to amend its complaint a second time (Doc. No. 40, "Motion for Second Amended Complaint"), contending that the contemplated (second) amended complaint would state viable claims against all defendants. Thereafter, the TPA Defendants' Motions to Dismiss were filed. The magistrate judge, upon motion of the parties and in consultation with the undersigned, stayed briefing on the Motion for Second Amended Complaint and TPA Defendants' Motions to Dismiss until the Motion to Remand was decided. (Doc. No. 66).

Both Plaintiff's Motion to Remand and Plaintiff's opposition (Doc. No. 41) to the Motion to Amend Notice of Removal rely on the same two arguments[2]: (1) the Notice of Removal has a defect that was not timely cured and (2) there is a lack of diversity of citizenship. As explained

---

[1] Exhibit C contained a February 4, 2019, letter establishing that Defendants received notice of the claim by tender letter, dated December 19, 2017. (Doc. No. 23-2 at 105–31). Exhibit E contained a coverage denial letter dated November 26, 2018. (*Id.* at 168–74).

[2] The briefings on the pending motions incorporate, build off, reference, and repeat arguments made in relation to one another. For example, the question of diversity jurisdiction is also addressed in the Insurer Defendants' Motion to Dismiss, and the arguments are incorporated into their opposition to the Motion to Remand. The Court herein discusses the issues first, relying on all the arguments related to the given issue, before then turning to how the discussion regarding the legal issues relates to the requested relief and the Court's decision on the separate motions.

below, the first of these is quickly revealed to be without merit, leaving the Court to resolve whether a Plaintiff can amend his complaint as a matter of course to add a non-diverse party[3] to defeat diversity jurisdiction and whether the propriety of adding that (non-diverse) party is governed by (i) this Circuit's multi-factor test for whether to permit diversity-destroying joinder under 28 U.S.C. § 1447(e); or, instead (ii) the applicable test of whether the addition would amount to fraudulent joinder. The Court holds that Plaintiff can amend his complaint as of right under Rule 15(a) and that the propriety of the addition of the new parties is assessed according to the doctrine of fraudulent joinder. The diverse parties were fraudulently joined, so there is diversity for subject-matter jurisdiction. Remand based on a lack of jurisdiction is denied.

The various motions to dismiss followed, with Insurer Defendants' Motion to Dismiss largely addressing the same issues as the Motion to Remand.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant generally may remove any civil action brought in a state court to the federal district court geographically covering where the state-court action was brought, if a federal court has original jurisdiction over the action. *City of Murfreesboro v. BFI Waste Sys. of Tenn., LLC*, No. 3:23-CV-00654, 2023 WL 6881787, at *3 (M.D. Tenn. Oct. 18, 2023) (citing 28 U.S.C. § 1441(a); *Meadows v. Douglass*, No. 3:20-CV-00355, 2020 WL 2319784, at *1 (M.D. Tenn. May 11, 2020)).

The party removing the action to federal court bears the burden of establishing that the district court has original jurisdiction over the action. *Id.* (first citing *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016); and then *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 873 (E.D. Mich. 2015)); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). As

---

[3] It is USAC in particular that is the non-diverse party here; both Plaintiff and USAC are citizens of Georgia.

they implicate federalism concerns, removal petitions are strictly construed, with all doubts resolved against removal. *Id.* (first citing *Gooden v. Unum Life Ins. Co. of Am.*, 181 F. Supp. 3d 465, 470 (E.D. Tenn. 2016); and then *Hughen v. BHG Nashville #1, LLC*, No. 3:20-cv-00236, 2020 WL 2557961, at *3–4 (M.D. Tenn. May 20, 2020)). This is to say that—unlike with various other kinds of motions—on a motion to remand, the non-movant begins in an unfavorable position. *Id.*

There are two basic types of subject-matter jurisdiction: federal question jurisdiction and diversity of citizenship (also known as simply "diversity") jurisdiction. *Id.* (citing 28 U.S.C. §§ 1331, 1332). Diversity jurisdiction exists when the complaint presents a claim between parties who are citizens of different states and the amount in controversy on that claim exceeds $75,000. *Id.*; *see* 28 U.S.C. § 1332(a). Where appropriate, a case may be removed to federal court based on diversity jurisdiction as with federal question jurisdiction. *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014)). However, the "party who removes a case to federal court bears the burden of establishing 'that the allegations in the complaint . . . satisfy the amount-in-controversy requirement.'" *Kunkel v. CUNA Mut. Ins. Soc'y*, No. 2:11-CV-492, 2011 WL 5282678, at *2 (S.D. Ohio Nov. 2, 2011) (quoting *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769–70 (6th Cir.2009)). More specifically, "[t]he burden is on the removing party 'to show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement.'" *Adelman's Truck Parts Corp. v. Jones Transp.*, 797 F. App'x 997, 1000 (6th Cir. 2020) (quoting *Northup Props.*, 567 F.3d at 769–70).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties

about state substantive law in favor of the plaintiff. The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court [also] may consider affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). As strongly suggested by the Sixth Circuit, numerous other courts have stated, "[w]hen deciding a motion to remand, the Court accepts as true the complaint's allegations at the time of removal." *Roberts v. Smith & Wesson Brands, Inc.*, No. 22-CV-6169, 2023 WL 6213654, at *1 (N.D. Ill. Sept. 25, 2023); *accord, e.g., Jamison v. Kenneth M. Levine & Assocs., LLC*, No. CV 5:22-01829-MGL, 2022 WL 10067539, at *2 (D.S.C. Oct. 17, 2022) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988)).

The Court agrees with the numerous courts that have noted that when considering a motion to remand, the district court not only accepts as true all relevant allegations contained in the complaint but also construes all factual ambiguities in favor of the plaintiff. *City of Murfreesboro*, 2023 WL 6881787, at *3; *e.g., Wilkinson v. Jackson*, 294 F. Supp. 2d 873, 877 (S.D. Miss. 2003) (citing *Willy*, 855 F.2d at 1163–64 (5th Cir. 1988)).

ANALYSIS

I. **Defective Notice of Removal**

Plaintiff argues that under 28 U.S.C. § 1446(a), StarStone had to file a notice of removal within thirty days of the service of the Complaint, and the Notice of Removal had to include all the exhibits to the original state-court Complaint and proof of service of process of the Complaint. There is no dispute that StarStone did not attach to its Notice of Removal Exhibits C and E to the

Complaint and proof of service on Defendants[4]; thus, the Notice of Removal was defective as filed. StarStone has since attempted to fix the defect via its Motion to Amend Notice of Removal, but Plaintiff argues that the fix comes too late since it is past the thirty-day deadline.[5]

StarStone's failure to include the two exhibits and proof of service are mere technical defects, which can be amended after the thirty-day period for seeking removal. The curing of the defects does not change the ground for removal, and there was no question at the time of the removal concerning the diversity of the parties. *See Baker v. Apple Invs. Grp. LLC*, No. 1:19-CV-01035-STA-JAY, 2019 WL 1988663, at *2 (W.D. Tenn. May 6, 2019). District courts in this Circuit have explained that technical defects like these can be amended after expiration of the thirty-day time limit. *E.g.*, *Anderson v. Federated Mut. Ins. Co.*, No. 00-C-0312-C, 2000 WL 34228194, at *2 (W.D. Wis. Aug. 15, 2000) (declining to remand when the notice of removal contained enough information for the court to determine that it had jurisdiction but failed to include the correct summons and complaint, and the errors were not corrected until after the expiration of the 30-day limit for filing a notice of removal); *Dri Mark Prods., Inc. v. Meyercord Co.*, 194 F. Supp. 536, 538 (S.D.N.Y. 1961) (finding that the right to remove is unaffected by the failure to file exhibits attached to part of the state court record because these "technical defects" were "merely formal or modal" errors, as opposed to jurisdictional defects); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215-1219 (D. Kan. 2005) (denying a motion to remand for

---

[4] However, Defendant had incorporated the missing exhibits within its Answer, which was filed prior to the measuring deadline (having been filed on November 20, 2023) and had included the date of service of the complaint on StarStone in the Notice of Removal despite the appropriate proof not being attached.

[5] StarStone did not file the Motion to Amend Notice of Removal until December 6, 2023, which was outside of the thirty-day statutory period. StarStone was served on October 20, 2023, and filed its Notice of Removal on November 17, 2023. According to the rules for measuring deadlines provided in Fed. R. Civ. Pro. 6, a thirty-day deadline from October 20 would expire on November 19, the first business day after the thirty days had run.

the "inadvertent and trivial" failure to attach the summons to the notice of removal); *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739 (7th Cir. 1967) (failure to attach the complaint to the removal documents was a "minor irregularity of no consequence" that was insufficient to overcome removal jurisdiction); *Kosen v. Ruffing*, No. 08CV0793-LAB (WMC), 2009 WL 56040, at *10 (S.D. Cal. Jan. 7, 2009) (finding that the failure "to attach all necessary documents to the Notice of Removal," including a copy of the summons, any answer to the complaint or amended complaint, and any orders from the state court, were technical defects that did not require remand); *Baker*, 2019 WL 1988663, at *2 ("After the expiration of the thirty-day period for seeking removal, the notice of removal may be amended only to correct technical defects . . . Completely new grounds for removal may not be added and missing allegations may not be furnished . . . .'" (quoting 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733 at 357–61 (3d ed. 1998))). As noted in *Uppal v. Electronic Data Systems*, 316 F. Supp. 2d 531, 535–36 (E.D. Mich. 2004), this approach appears consistent with Sixth Circuit precedent. *Id.* (explaining that the Sixth Circuit in *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) permitted an amendment after the thirty-day window because "diversity jurisdiction existed at the time of removal and only 'additional allegations regarding diversity' were added" which "was not a substantive change."). Plaintiff's argument to remand because of filing defects in the Notice of Removal is unpersuasive, and StarStone's Motion to Amend Notice of Removal is GRANTED.

## II. Diversity-Destroying Amendment of the Complaint Taken as of Right

The parties do not dispute that diversity of citizenship was destroyed when Plaintiff amended his complaint as a matter of course under Rule 15 and added Defendant USAC. What they do dispute is whether the amendment should have been permitted. Insurer Defendants argue

that Rule 15(a) gives way to § 1447(e) in this context. They argue that amending the Complaint to join new, non-diverse defendants required leave of the Court under § 1447(e) and represents an improper attempt to destroy diversity jurisdiction through fraudulent joinder. Plaintiff contends that the Sixth Circuit has described Rule 15's amendment as a matter of course as a "right" granted to plaintiffs by the procedural rules, and that therefore there was nothing improper about adding the diversity-destroying defendants pursuant to Rule 15(a)(1)(B) because such an amendment must be permitted when (as here, according to Plaintiff) made as a matter of right by the plaintiff. (Doc. No. 63 at 2 (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000)). Plaintiff also argues that if any test at all is applied to the addition of the parties, the appropriate test is fraudulent joinder, not the § 1447(e) test. (Doc. No. 63 at 2).

The relationship between Rule 15, § 1447(e), and fraudulent joinder is an open question in the courts, with circuit splits and intra-circuit splits abounding. To understand this confusion, it is important to begin by contextualizing these rules and doctrines. Rule 15 controls (in relevant part) when a party may amend its complaint. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" if the party does so no later than the earlier of either twenty-one days after serving it or, if it requires a responsive pleading, twenty-one days after the party is served with either a responsive pleading or a motion under Rule 12(b), (e), or (f). Otherwise, a party requires the consent of the opposing party or leave of the court to amend the party's pleading. Fed. R. Civ. P. 15(a)(2). As Plaintiff did in this case, plaintiffs in prior cases have used Rule 15 amendments to add new parties to the case.

Unlike Rule 15, which applies to every federal civil case (and not just cases removed from state court), § 1447(e) and the fraudulent-joinder doctrine are provisions applicable specifically to the addition of new parties that would destroy diversity jurisdiction. Section 1447 is focused

specifically on the procedure for joining parties in cases that have been removed from state court, and subsection (e) thereof provides, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Section 1447 does not contemplate any exception to the requirement of complete diversity; under Section 1447, if a party to be joined would destroy complete diversity, then the court must either deny joinder or remand the case (with that party joined) to state court.[6] Unlike the statutory requirements of § 1447, " '[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.' " *Collins v. Bacon*, No. 1:05-CV-211, 2005 WL 2429844, at *2 (E.D. Tenn. Sept. 30, 2005) (quoting *Triggs v. John Crump Toyata, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)). Under that doctrine, a federal court disregard the citizenship of any fraudulently joined defendant when determining whether the parties are diverse for the purposes of subject matter, *id.* at *2, so that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds," *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

All of this raises the question of how each of Rule 15(a), § 1447(e), and the fraudulent fraudulent-joinder doctrine interact with one another (or do not act at all) when a court is considering the effect(s) of a post-removal addition of a non-diverse party through an amendment as a matter of course under Rule 15. More specifically, the question is whether, in that context,

---

[6] The Sixth Circuit applies a multifactor test first articulated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), to analyze whether to allow joinder (to be followed by remand of the entire case to state court) under § 1447(e). These factors are "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)).

§ 1447(e) or the fraudulent-joinder doctrine is applicable to the Court's determination of what to do with the non-diverse party and the case as a whole. There is a split of authority on this issue, as was explained helpfully and at length in *McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 230–33 (D.N.J. 2020):

> [T]here is a sharp split of opinion as to which standard applies in the specific situation before the Court—i.e., where post-removal, a plaintiff amends her complaint as of right to add a non-diverse party—with considerable authority on both sides of the ledger. As noted in <u>Sussman v. Capital One, N.A.</u>, 2014 WL 5437079, 2014 U.S. Dist. LEXIS 151866 (D.N.J. Oct. 24, 2014):
>
> . . . .
>
> > Most courts and commentators appear to embrace the applicability of Section 1447(e) under such circumstances. Some courts, however, suggest that the fraudulent joinder analysis ... applies to determine whether parties, who are added to a complaint that has been amended post-removal, are improperly joined.
>
> <u>Id.</u> 2011 WL 1256618, at *3, 2014 U.S. Dist. LEXIS 151866, at *5-7 (collecting cases on both sides of dispute; citations omitted) . . .
>
> <u>Mayes v. Rapoport</u>, 198 F.3d 457 (4th Cir. 1999) is the leading case supporting a § 1447(e)/<u>Hensgens</u> analysis. In a frequently-cited footnote, the Fourth Circuit explains that in circumstances such as here, "§ 1447(e) conflicts with Rule 15(a), which permits a plaintiff to amend his complaint without leave of court 'before a responsive pleading is served.' " <u>Id.</u> at 462 n.11 (quoting Fed. R. Civ. P. 15(a)). The conflict arises "because, if the plaintiff can add a nondiverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder." <u>Id.</u>; see also <u>Mackey v. J.P. Morgan Chase Bank</u>, N.A., 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) ("[T]here is 'an inherent tension between the right to amend a complaint once as a matter of course under Rule 15(a) and the discretion conferred by § 1447(e),' as Rule 15(a) seemingly leaves no role for the court to play in determining whether a non-diverse defendant should be joined as a party.") (quoting <u>Collins v. National General Insurance Co.</u>, 2010 WL 4259949, 2010 U.S. Dist. LEXIS 113325 (E.D. Mich. Oct. 25, 2010) and citing <u>J. Lewis Cooper Co. v. Diageo North America, Inc.</u>, 370 F. Supp.2d 613, 618 (E.D. Mich. 2005)). <u>Mayes</u> answers that a cohesive reading of Rules 15(a), 19, and 21, along with § 1447(e), "resolves any doubts over whether the district court has authority to pass upon any attempts -- even those for which the plaintiff needs no leave of court -- to join a nondiverse defendant" and concludes that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was [done pursuant to an

amended pleading that generally could have been filed] without leave of court." Mayes, 198 F.3d at 462 n.11 (citing authorities).

Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309 (M.D. Ala. June 20, 2000) adds a practical consideration:

> [i]f the rule were to the contrary, that is, if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court, . . . a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed.

Id. at 1313. For these reasons, these (and other) courts hold that "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action"; in other words, "[Section] 1447(e) trumps Rule 15(a)." Ascension Enters. v. Allied Signal, 969 F. Supp. 359, 360 (M.D. La. 1997) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil, § 1447 at 562 (2d Ed. 1990)). Or further sharpened, where, post-removal, a plaintiff has joined a defendant whose presence destroys diversity jurisdiction, courts should apply the Hensgens factors on a motion to remand, even if such joinder was permitted as of right under Rule 15(a)(1).

Other courts disagree and maintain that, while § 1447(e) and Hensgens apply where a party seeks to add a defendant, in circumstances (like those here) where the non-diverse defendant was joined as a matter of right, the § 1447(e)/Hensgens analysis is improper, and joinder is disallowed—and therefore, remand denied—only if the newly-added party was fraudulently joined. See, e.g., Brennerman v. Guardian News & Media Ltd., 2015 WL 9484466, at *3, 2015 U.S. Dist. LEXIS 172429 at *8-9 (D. Del. Dec. 29, 2015) ("The Third Circuit has not yet resolved this dispute," but "[d]istrict courts within the Third Circuit have distinguished between situations where the court has discretion to permit joinder, and those . . . wherein the complaint is amended as a matter of right. Those courts have determined that when a pleading is amended as a matter [o]f right, the . . . argument should be focused solely on fraudulent joinder.") (citations omitted), report and recommendation adopted, 2016 U.S. Dist. LEXIS 42923, 2016 WL 1271461 (D. Del. Mar. 30, 2016); O'Keefe v. Hess Corp., 2010 WL 3522088, at *8, n.9, 2010 U.S. Dist. LEXIS 90470, at *30-31 n.9 (D.N.J. Sep. 1, 2010) ("Following removal, requests to amend pleadings that result in the destruction of federal jurisdiction normally require consideration of numerous equitable factors (referred to as the Hensgens factors). However, when the amendment of a pleading is made as of right, . . . the court does not a [sic] consider the merits of the amendment. Thus, Defendants properly focus their argument solely on fraudulent joinder.") (citations omitted), report and recommendation adopted, 2010 U.S. Dist. LEXIS 110582, 2010 WL 4102848 (D.N.J. Oct. 15, 2010); cf. Confessore v. AGCO Corp., 2015 WL 4430472, at *4, n. 4, 2015 U.S. Dist. LEXIS 93851, at *13-14 n.4 (D.N.J. July 20, 2015) ("[T]he fraudulent joinder analysis is not appropriate here

because that standard applies in circumstances when a party has already been joined to an action. Since Plaintiff is . . . moving to add [a non-diverse party] as a defendant in this case, the proper analysis is under § 1447(e).") (citation omitted); <u>Route 27, LLC v. Getty Petroleum Mktg.</u>, 2011 WL 1256618, at *4, n. 4, 2011 U.S. Dist. LEXIS 34375, at *9, 12 n.4 (D.N.J. Mar. 29, 2011) (rejecting § 1447(e) analysis because "section 1447(e), by its own terms, . . . encompasses only those amendments that seek[ ] to join additional defendants" and clarifying that "the standard applied to an assertion of fraudulent joinder under the diversity statute differs from that applicable to a motion to amend under 28 U.S.C. § 1447(e), where the plaintiff seeks to add, after removal, additional defendants whose inclusion would defeat diversity.") (citing cases; emphasis and quotation marks removed); <u>Midthassel v. Aramark Corp.</u>, 2010 WL 2521977, at *4, 2010 U.S. Dist. LEXIS 59324 at *13 (D.N.J. June 15, 2010) (" '[F]raudulent joinder . . . can only be claimed if the alleged fraudulently joined party has already been joined.' [However], where Plaintiff is seeking joinder, the proofs necessary to establish fraudulent joinder have no applicability.") (quoting <u>Conover v. United Parcel Service</u>, 2006 WL 3534157, at *1, n.2, 2006 U.S. Dist. LEXIS 88438, at *3 n.2 (D.N.J. Dec. 7, 2006) and applying § 1447(e) analysis to motion to amend); <u>Perth Amboy</u>, 539 F. Supp. 2d at 754 n.2 ("Had Plaintiff simply filed an amended pleading [as of right] including claims against [the non-diverse defendant], the appropriate analysis would be one of fraudulent joinder . . . ") (citing <u>Conover</u>); Conover, 2006 WL 3534157, at *1 nn. 2–3, 2006 U.S. Dist. LEXIS 88438 at *3 nn.2-3, ("This is not a case of fraudulent joinder, which can only be claimed if the alleged fraudulently joined party has already been joined . . . [After removal, plaintiff] could have simply filed his amended Complaint without leave of the Court, which would have implicated the fraudulent joinder analysis.").

The court went on to adopt the second line of cases and held that fraudulent joinder was the proper analysis:

> For several reasons, the Court agrees with the second line of cases; <u>i.e.</u>, that fraudulent joinder, rather than 1447(e)/<u>Hensgens</u>, provides the proper analysis here. First is the text of § 1447(e), which reads: "[i]f after removal the plaintiff <u>seeks to join</u> additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added). This provision is expressly limited to instances where a plaintiff <u>seeks</u> to add a non-diverse defendant—to the exclusion, therefore, of instances where such joinder already has occurred as a matter of right.

> As aptly explained by Magistrate Judge Jeremiah J. McCarthy in <u>Buffalo State Alumni Ass'n v. Cincinnati Ins. Co.</u>, 251 F. Supp. 3d 566 (W.D.N.Y. 2014), <u>report and recommendation adopted</u>, 251 F. Supp. 3d 566,7

> > 28 U.S.C. § 1447(e) applies only where a plaintiff "<u>seeks to join</u> additional defendants" (emphasis added). We give the words of a statute their ordinary, contemporary, common meaning, absent an

indication Congress intended them to bear some different import. To "seek" means "to ask." . . . Here, however, plaintiffs did not "seek" leave to amend under Rule 15(a)(2). Instead, they amended "as of course" under Rule 15(a)(1), which does not require leave of court.

Id. at 575 (citations and quotation marks omitted).

. . .

Accordingly, 28 U.S.C. § 1447(e) cannot apply to defeat joinder of a party by amendment under Rule 15(a)(1), since [t]he court has no discretion to deny a timely amendment made as a matter of course.... I see nothing inherently unfair in allowing plaintiffs to join a party by amendment "as of course" in order to obtain remand.

251 F. Supp. 3d at 575-77 (citations and quotation marks omitted) (citing, e.g., Delfosse v. Continental Cas. Co., 2011 U.S. Dist. LEXIS 71085, 2011 WL 2601277, *3 (E.D. Wis. 2011)) ("[I]t is obvious that the addition of the new parties is motivated at least partly by the Plaintiff's desire to remain in state court. Forum shopping has a bad name, but in reality it happens all the time. After all, removal to federal court is itself a form of forum shopping. Within bounds, there is nothing to prevent attorneys from using the procedural rules to secure the forum of their choice"). Simply put, policy concerns cannot overcome Rule 15(a)(1)'s unambiguous grant of permission for a plaintiff to timely amend her complaint as of right, even if the upshot is avoiding § 1447(e) scrutiny.

Next, as noted, cases which opt here for a § 1447(e) analysis commonly note [their perception of some] tension, under that approach, between the statute and Rule 15(a)(1). Judge McCarthy again answers the call, writing that "I fail to see how [certain courts] can find a 'tension' between 28 U.S.C. § 1447(e) and Rule 15(a)(1) without first interpreting the text of either provision. That should be the court's initial inquiry, both as to the statute and to the Rule," and proceeding to analyze § 1447(e) and Rule 15(a)(1) as described above. Buffalo State Alumni, 251 F. Supp. 3d at 574-76 (citing authorities; quotation marks omitted).

The principle that emerges is this: while some courts have sought to resolve the tension between § 1447(e) and Rule 15(a)(1) by "insist[ing] that a plaintiff must satisfy the standards of § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through the liberal amendment provisions of Rule 15(a)," Mackey, 786 F. Supp. 2d at 1340 (citing cases; quotation marks omitted), this purported resolution is, in truth, better described as a mandate that the statute prevails over the Rule—as flatly stated by Ascension Enters., "[Section] 1447(e) trumps Rule 15(a)." 969 F. Supp. at 360. To declare one conflicting provision the victor over another hardly amounts to a resolution between the two.

As alluded to in <u>Buffalo State Alumni</u> though, a genuine resolution is available. That is, if Rule 15(a)(1) and § 1447(e) are read, as they must be, according to their plain language—i.e., respectively, (i) that under certain circumstances a plaintiff may amend her complaint as of right; and (ii) that where a party <u>seeks</u> (that is, requests leave to) join defendants, a court may deny joinder or permit joinder and remand to State court—then there is no conflict at all. The Rule applies in one situation, the statute in another. There is no tension to be resolved in the first instance, since there is no overlapping situation where both provisions come into play; the section of the Venn diagram containing both Rule 15(a)(1) and § 1447(e) is empty. Thus, the approach embraced here works best for another reason: in considering two possible analytical frameworks, one which results in a conflict and one which does not, it seems far more sensible to adopt the latter.

Finally, the Court returns to the words of the Third Circuit that "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand <u>only</u> by demonstrating that the non-diverse party was fraudulently joined." <u>Briscoe</u>, 448 F.3d at 217; <u>Batoff</u>, 977 F.2d at 851 (emphasis added). As above, these words must be taken mean what they say, which is that in the present circumstance, the <u>only</u> way for Defendants to avoid remand is to demonstrate fraudulent joinder. This is to the exclusion of avoiding remand by way of a § 1447(e)/<u>Hensgens</u> analysis, which is of no relevance where a non-diverse defendant has been joined, and therefore of no avail to Defendants. <u>See</u> <u>Wallace</u>, <u>supra</u>, (where non-diverse party added as of right, "Section 1447(e) offers defendants no refuge").

*McDermott*, 503 F. Supp. 3d at 233–36 (footnotes omitted) (some citations omitted).

The Court agrees in large part with *McDermott*'s analysis, differing only in the textual basis for reaching the conclusion that there is no conflict between Rule 15 and § 1447(e). The *McDermott* court limited the definition of the word "seek" to mean "to ask." However, "seek" can also be understood as "to go in search of" or "to try to acquire or gain: aim at," either of which is just as applicable to an amendment taken as a matter of course. *See Seek*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/seek (lasted visited May 30, 2024). So even though a plaintiff, when undertaking the process (such as it is) of amending their complaint as of right, does not need to "ask" a court to add a new party named in the amended complaint,

such a plaintiff might be said to be setting out (or "seek[ing]") to add that party.[7] Accordingly, the Court disagrees that the mere use of "seek" in § 1447(e) suffices to eliminate any possibility of a conflict between § 1447(e) and Rule 15(a)—i.e., *necessarily* shows by itself that the text of Section 1447(e) (specifically, its use of "seeks") never can be applicable to an amendment as a matter of right under Rule 15(a).

Nevertheless, the Court still agrees that there is no direct conflict between the language of Rule 15 and § 1147(e), based on § 1447(e)'s provision that "the court may deny joinder, or permit joinder and remand the action to the State court." "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citations and footnote omitted)). When a plaintiff amends its complaint as a matter of right under Rule 15, the Court must accept that amended complaint. Therefore, if the new amended complaint adds a new defendant, the court is presumptively required to permit joinder of the new defendant; this requirement effectively takes away one of the two options available to a court applying § 1447(e)—namely, denying joinder— but leaves available the other option (permitting joinder and remanding the action to state court). So Rule 15 does not *conflict* with Section 1447(e) but instead, by requiring the Court to accept joinder of the new defendant, dictates that the court eschew one of the two options otherwise available under § 1447(e) and instead go with the other option (allowing joinder and then remanding to state court). So, like the other courts that saw no conflict between "seek" and "taken

---

[7] The undersigned also believes that a party can properly deemed to be "seeking" to accomplish something even if success in such accomplishment is (or is at least supposed to be) guaranteed under the applicable rules—as when an amendment as a matter of right is made under Rule 15(a), whereby the accomplishment of the requested amendment apparently is guaranteed for any plaintiff who properly files such an amendment.

as a matter of right," this Court (for different reasons) sees no conflict between Rule 15 and § 1447(e) Thus, a § 1447(e) analysis would be inapplicable in this case because the Court is required to permit Plaintiff to amend the complaint under Rule 15(a)(1).

Although there is no Sixth Circuit precedent that directly addresses the issues presented in this case, the Court's decision here aligns with the Sixth Circuit's discussion in *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536 (6th Cir. 2006). In that case, a motion to amend the complaint had been granted by the federal district court to name the fictitious (i.e., "John Doe")[8] defendants that had been identified during discovery. *Id.* at 539. The newly identified defendants were non-diverse. *Id.* at 543. The Sixth Circuit reasoned that although § 1447(e) facially applies to joinder, it also applies to identifying fictitious defendants after removal, so that the district court should have remanded the case for lack of subject-matter jurisdiction. *Id.* at 541. In applying § 1447(e) to the post-removal identification of fictitious defendants, the Sixth Circuit did not suggest that the lower court should have declined to allow the complaint to have been amended or should have allowed the amendment only after an evaluation of the newly identified parties under a § 1447(e) analysis. *Id.* at 540. Instead, the Sixth Circuit's reasoning was merely that in light of the amendment to the complaint, the case should be remanded. *Id.* at 543. Just as in *Curry* where the district court needed to allow the amendment identifying fictitious defendants so that claims could be brought against them, here the Court needs to allow the amendment because of Rule 15.

Unlike in *Curry*, though, this case does not involve fictitious defendants properly named and joined after discovery; instead, it involves new defendants added pursuant to an amendment of right under Rule 15 after the case was removed to federal court. And the general upshot of all

---

[8] *Curry* used the term "fictitious" to refer to a "John Doe" defendant. But "unnamed" would have been the more precise term here, because a complaint suing a "John Doe" defendant is not alleging that the "John Doe" defendant is "fictitious" in the sense of being non-existent, made-up, imaginary, etc.

of the above is that: (a) joinder of such defendants must be permitted, subject to a fraudulent joinder analysis; and (b) where, such non-fraudulent joinder destroys diversity jurisdiction, the case must be remanded. All of which is to say, regarding this case in particular, that this case must be remanded (with the new defendants joined) unless the new defendants were fraudulently joined.

The Court therefore continues with a fraudulent-joinder analysis for the reasons articulated in *McDermott* above.

### III. Fraudulent Joinder

Given the Rule 15 amendment, the case should be remanded unless the non-diverse defendants were fraudulently joined.[9] *McDermott*, 503 F. Supp. 3d at 232 (collecting cases that apply fraudulent joinder to an amended complaint that added a nondiverse defendant). As acknowledge by the Supreme Court:

> A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, is one which may be removed by the defendant, if not a resident of the state in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a

---

[9] Plaintiff did not argue that the fraudulent-joinder doctrine is inapplicable in cases (like the instant one) that were filed originally in state court and then removed to federal court, but in any event such a contention has been rejected as meritless when made in other cases:

> It bears mention that <u>Buffalo State Alumni</u>, and certain other courts, have stated that "[t]he doctrine of fraudulent joinder . . . is legally inapplicable when, as here, a nondiverse party is added after removal." <u>Buffalo State Alumni</u>, 251 F. Supp. 3d at 573 (quoting <u>Hosein v. CDL West 45th Street, LLC</u>, 2013 U.S. Dist. LEXIS 130030, 2013 WL 4780051, *3 (S.D.N.Y. 2013)). However, this principle appears not to have been widely adopted by courts in this circuit, and indeed is implicitly—but directly—contradicted by the numerous cases that apply a fraudulent joinder analysis to defendants joined after removal. <u>See supra</u>; see also <u>Neuner</u>[ <u>v. Samost</u>], 2012 WL 5944143, at *1, and n.1, 2012 U.S. Dist. LEXIS 167084, at *6-9 and n.1 [D.N.J. Nov. 26, 2012 ](invoking fraudulent joinder where non-diverse defendant was added post-removal, and criticizing above reasoning as being "premised on the potentially erroneous assumption that the district court has the opportunity to determine whether joinder was appropriate in the first instance. That assumption breaks down, however, where the complaint was amended as of right, without leave of court, under Federal Rule of Civil Procedure 15(a).") (citations omitted).

*McDermott*, 503 F. Supp. 3d at 235 n.10.

resident defendant having no real connection with the controversy. So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal[.]

*Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 152 (1914) (citations omitted).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493; *see also Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C*, 176 F.3d 904, 907 (6th Cir. 1999). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved?" *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (internal quotation marks removed); *Coyne*, 183 F.3d at 493 ("[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."). In answering this question, a court considering whether there has been fraudulent joinder may pierce the pleadings and consider evidence such as affidavits and deposition testimony typically considered at summary-judgment for the limited purpose of determining whether undisputed facts exist that could negate the claim. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *Copper Basin Fed. Credit Union v. Fiserv Sols., Inc.*, No. 1:11-CV-203, 2011 WL 4860043, at *3 (E.D. Tenn. Oct. 13, 2011) (quoting *Cavallini v. State Farm Mut. Ins. Auto Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

Insurer Defendants (including StarStone, the removing party) argue that Plaintiff cannot state a colorable cause of action under Tennessee law against the sole non-diverse defendant (USAC), let alone provide a reasonable basis for liability on that claim. (Doc. No. 38 at 8).[10]

---

[10] The parties' respective arguments for and against fraudulent joinder are raised in response to both the Motion to Remand and in the Insurer Defendants' Motion to Dismiss, with the latter being incorporated into the prior. As indicated above, the Court considers all the arguments made on the issue first and then will describe how the decision on the issues is reflected on ruling on the individual motions.

Specifically, Insurer Defendants argue that TPA Defendants (including USAC) cannot be liable for owing benefits as Plaintiff claims, "because the TPA Defendants are neither insurance carriers nor did they issue either of the policies of insurance." (Doc. No. 38 at 9). TPA Defendants claim that they are instead "unaffiliated service companies retained by the respective Insurer Defendants to provide claims administration services for certain claims after Insurer Defendants had already issued the policies" and are involved only "when claims are made for benefits from Insurer Defendants under the policies in effect." (*Id.*). Therefore, Insurer Defendants claim TPA Defendants do not owe any benefits under the policies and are not parties to the insurance agreements.

Plaintiff merely stated that "[b]ecause Kim clearly states viable claims against USAC (for breach of contract, statutory bad faith, and violations of the Tennessee Consumer Protection Act), joinder is not fraudulent, and remand is proper." (Doc. No. 63 at 2–3) (citations omitted). This conclusory statement that joinder is not fraudulent does not provide any reason beyond a citation to the rule of fraudulent joinder, his Amended Complaint, and his Proposed Second Amended Complaint.

As an initial matter, the Court will not consider the claims and allegations made in support thereof in the proposed Second Amended Complaint. Fraudulent joinder does not require an inquiry into whether *any* claim (filed or as-yet unfiled) could reasonably succeed under state law, and Plaintiff has provided no legal support for the notion that the Court should consider claims in a proposed complaint that has not yet been approved by the Court. And indeed the notion seems to run contrary to the Sixth Circuit's statement authorizing the district court to "pierce the pleadings" in this context—i.e., that "[t]he court may look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Casias*,

695 F.3d at 433 (internal quotation omitted). This statement suggests that the court may look beyond the pleadings only for undisputed facts, not for alternative theories of liability or allegations that have not yet been asserted in a filed pleading. Accordingly, the question now is whether Plaintiff's Amended Complaint states an otherwise viable claim against the TPA Defendants that remains viable in light of applicable evidence of undisputed facts. The Proposed Second Amended Complaint cannot be said to support proper joinder of new parties via the Amended Complaint because it provides new (unfiled) allegations, not undisputed evidence.[11] And the Court (per the assigned magistrate judge) cannot consider the Motion for Second Amended Complaint until the Court (per the undersigned district judge) satisfies itself that it has (diversity) jurisdiction over this case.

As to Plaintiff's claims against USAC in the Amended Complaint, the Amended Complaint claims that USAC held itself out as insurance carriers to Plaintiff such that it is a "unified insurance carrier" and the "alter-ego" of AIC that is "for all legal purposes" jointly and severally liable for

---

[11] It is not lost on the Court that the question of *when* the Court considers the Second Amended Complaint's allegations could change the outcome of *where* this case ultimately ends up (state or federal court) given Plaintiff's admission that he "desires to remain in state court." (Doc. No. 63 at 3). The Proposed Second Amended Complaint cannot become the operative complaint as a matter of right but rather only with permission of the court pursuant to the Motion for Second Amended Complaint (whenever it happens to be resolved). Thus, whether the Court permits joinder of the TPA Defendants via the Proposed Second Amended Complaint would be determined via a § 1447(e) analysis rather than a fraudulent-joinder analysis. A critical difference between these two analyses is whether the Court assesses the claims made against the newly joined (or putatively newly joined) defendant objectively or whether instead the court considers the plaintiff's subjective intentions, i.e., whether the plaintiff intended to destroy diversity. The non-moving party's motive for joining the non-diverse party to the lawsuit is "immaterial to our determination regarding fraudulent joinder," *Jerome–Duncan*, 176 F.3d at 907, but is implicated in the multifactor test applied in a § 1447(e) analysis, which considers a plaintiff's intentions and whether the amendment to the complaint is being requested with the ulterior motive of destroying diversity. *Glover v. Kia Motors Am., Inc.*, No. 2:17-CV-02825-TLP-CGC, 2018 WL 1976033, at *4 (W.D. Tenn. Apr. 25, 2018). Therefore, it is possible that the Second Amended Complaint may have asserted a claim against USAC sufficient to debunk fraudulent joinder, but that joinder of USAC may nevertheless be denied under § 1447(e) because of the admission of forum shopping. The Court does not suggest the outcome of the Motion for Second Amended Complaint at this stage, but rather merely recognizes that the explicit admission here could theoretically be determinative at that stage since the court does not consider the Second Amended Complaint now.

benefits owed pursuant to AIC's insurance coverage. (Doc. No. 21 at 17). The Court does not know—and declines to speculate—what exactly Plaintiff means by "unified insurance carrier" in this case nor has it found such a term in other case law; still less has the Court found case law ascribing any particular legal significance (jurisdictional or otherwise) to the purported fact that a defendant is a "unified insurance carrier." And, as argued by Defendants, Plaintiff has not alleged factual matter to show that the claim that USAC is liable as an alter-ego is colorable. (Doc. No. 38 at 9–12).

The Sixth Circuit has adopted a two-prong test a plaintiff must meet to prove alter-ego liability. Under that test:

> The first prong asks whether there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," and the second prong asks if an inequitable result will follow "if the acts are treated as those of the corporation alone."

*Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2022 WL 106733, at *18–19 (M.D. Tenn. Jan. 11, 2022) (citing *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 734–38 (6th Cir. 2003)). If both questions are answered in the affirmative, then the alleged alter ego of a corporation bears the corporation's liability.

Plaintiff does not provide adequate allegations that Insurer Defendants and TPA Defendants shared such unity of interest as to eliminate their separate personalities (the first prong) and provides no support that an inequitable result will follow if the acts are attributed only to the Insurer Defendants (the second prong). Plaintiff acknowledges that AIC issued the subject commercial general liability policy and that StarStone issued the subject excess liability policy. (Doc. No. 21 at 13, 15). Plaintiff further acknowledges that USAC managed, adjusted, and controlled insurance claims on behalf of AIC and that Sedgwick performed the same on behalf of StarStone. (Doc. No. 21 at 13, 16). Insurer Defendants performed the distinct role of issuing

insurance policies while TPA Defendants handled claims management for those policies on behalf of Insurer Defendants, but not as parties to the insurance contracts themselves. Plaintiff's mere allegation that TPA Defendants (including USAC) exercised some level of control over the insurance claims is insufficient to sustain a theory of alter-ego liability.

In short, the allegations of the First Amended Complaint fail to set forth a colorable cause of action in this case against the TPA Defendants, including USAC (the sole non-diverse party), under Tennessee state law. Therefore, USAC has been fraudulently joined, the TPA Defendants are ignored for purposes of determining diversity of citizenship, and therefore diversity of citizenship exists.

## IV.    Motion to Remand

As stated above, the Motion to Remand made two arguments, one on the filing defects and one on the alleged lack of diversity of citizenship. Both arguments fail for the reasons discussed herein.

The Court declines to consider Plaintiff's alternative argument that the Court should decline to hear this declaratory judgment action under the discretion provided to the Court under the Declaratory Judgment Act because it was made for the first time on reply and therefore was waived. *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) ("It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" (citation omitted)); *see Palazzo v. Harvey*, 380 F. Supp. 3d 723, 730 (M.D. Tenn. 2019) (explaining that

arguments raised for the first time in a reply brief in support of a summary judgment motion are waived (citing *Ryan v. Hazel Park*, 279 F. App'x 335, 339 (6th Cir. 2008))).[12]

Accordingly, the Motion to Remand is DENIED.

## V. The Insurer Defendants' Motion to Dismiss

Although briefing on the Insurer Defendants' Motion to Dismiss was among the briefing that was stayed, the arguments made in that motion are the same discussed herein. As such, the Court shall decide that motion now without need for further briefing.

Insurer Defendants' Motion to Dismiss argued that the Amended Complaint should be dismissed as improperly filed without leave of the Court under § 1447(e) and as an improper attempt to destroy diversity through fraudulent joinder. As explained, the Amended Complaint was not improperly filed (because it was filed as of right under Rule 15(a)), but USAC was fraudulently joined. However, a defendant's remedy for fraudulent joinder is not dismissal of the entirety of the operative complaint but rather the denial of the plaintiff's motion to remand. Accordingly, the Insurer Defendant's Motion to Dismiss is DENIED.

Nevertheless, some courts, under their own authority pursuant to Fed. R. Civ. P. 21, will dismiss fraudulently joined defendants. *E.g.*, *Alexander v. Elec. Data Sys. Corp.*, 870 F. Supp. 749, 753 (E.D. Mich. 1994); *Davis v. Franklin Am. Mortg. Co.*, No. 3:16-CV-02819, 2017 WL 3172743, at *5 (M.D. Tenn. July 26, 2017), *report and recommendation adopted*, No. 3:16-CV-02819, 2017 WL 4310095 (M.D. Tenn. Sept. 28, 2017). The Court finds that dismissal of USAC is appropriate given that USAC was fraudulently joined. The Court also finds it appropriate to

---

[12] Despite the general rule, the Court realizes that some arguments are appropriately considered even if first raised in the movant's reply. Specifically, such an argument can (and should) be considered if it was raised in the non-movant's response to the motion, regarding an issue that the movant in all fairness should not have been expected to raise in its initial brief (since, after all, a movant is not required, and generally is not allowed sufficient briefing pages, to make a pre-emptive argument against every single point that might be made in the non-movant's response) point. However, Plaintiff's argument is not such an argument.

dismiss Sedgwick (the other TPA Defendant) as well, given that the Court has determined that Plaintiff has not presented a colorable claim (a standard lower than a Rule 12(b)(6) standard) against either TPA Defendant.[13]

CONCLUSION

The Motion to Amend the Notice of Removal (Doc. No. 22) is GRANTED. The Motion to Remand (Doc. No. 31) IS DENIED. The Insurer Defendant's Motion to Dismiss (Doc. No. 37) is DENIED, but the Court DISMISSES Defendants Sedgwick and USAC (the TPA Defendants) per its authority under Rule 21. TPA Defendants' Motions to Dismiss (Doc. Nos. 50 and 52) DENIED as moot.

Per the magistrate judge's order at Doc. No. 60, within seven days of the entry of Memorandum Opinion and Order and, the parties shall file a motion requesting a case management conference and proposing a schedule for the other pending briefing.


IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[13] The claims against Sedgwick are identical to the claims against USAC. The fraudulent-joinder discussion at times focused on USAC because it (as the sole non-diverse defendant) was the defendant as to which the fraudulent-joiner doctrine is relevant, but the above discussion about the merits of the claims is equally applicable to Sedgwick. Because the claims against USAC are not colorable, the claims against Sedgwick likewise are not colorable.